# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Case No. 4:19cr68 |
| § | (Judge Mazzant) |
| JULIANO GARCIA-ZABALETA (2) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Amos Mazzant, III, the court held a hearing on November 12, 2024, on Defendant's Motion to Withdraw Plea (Dkt. #1374). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge on November 13, 2023 (Dkt. #1252).

### BACKGROUND

On February 8, 2019, a criminal complaint was filed against Defendant. On March 6, 2019, a grand jury indicted the Defendant. The indictment charged Defendant with conspiracy to distribute or possess with intent to distribute or dispense cocaine in violation of 21 U.S.C. § 846. The indictment was superseded three times, culminating in the third superseding indictment. The charge remained unchanged with respect to this Defendant.

On June 27, 2023, Judge Mazzant specially set this case for a final pretrial conference on October 30, 2023, with jury selection and trial to follow (Dkt. #1104). On September 13, 2023, Defendant's retained counsel, Larry Finstrom, moved to withdraw as counsel. The court granted the motion on September 19, 2023, and substituted Heather Fisher as counsel (Dkt. #1122).

On October 24, 2023, the Government notified the court that Defendant entered into a plea agreement with the Government (Dkt. #1210). On October 30, 2023, Defendant appeared before the court for a change-of-plea hearing. Defendant entered a plea of guilty to count one of the third

1

superseding indictment which charged a violation of 21 U.S.C. § 846, Conspiracy to Distribute or Possess with the Intent to Distribute or Dispense Cocaine (Dkt. #1223). On November 6, 2023, the court entered findings of fact and a recommendation that the District Court accept the plea agreement and the Defendant's plea of guilty (Dkt. #1248). The District Court adopted this court's recommendation and accepted the Defendant's plea on November 13, 2023 (Dkt. #1252).

On June 14, 2024, the initial Presentence Report ("PSR") was filed (Dkt. #1318). On August 30, 2024, Defendant filed objections to the PSR (Dkt. #1351). On September 23, 2024, the final PSR was filed (Dkt. #1362). On September 23, 2024, the court scheduled Defendant's sentencing hearing for November 20, 2024.

On November 4, 2024, Defendant filed his motion to withdraw his plea of guilty. On November 12, 2024, the court conducted a hearing on the motion.

## ANALYSIS

**Standard of Review**

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a fair and just reason for withdrawing his plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007) (citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2)

whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.  *Carr*, 740 F.2d at 343-344.   The court is not required to make a finding as to each individual factor.  *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).  The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive.  *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

**Discussion**

Defendant's primary argument is that he disagrees with being characterized as a leader in the conspiracy to which he entered a plea of guilty.  Additionally, he is concerned that he will receive a lengthier sentence than his co-conspirators received.

**1. Defendant's Assertion of Innocence**

Defendant did not assert his innocence as to count one of the third superseding indictment in his motion or at the November 12, 2024, hearing.  Defendant admits to his involvement in the conspiracy.  Defendant denies any position of leadership.

In his plea colloquy with the court on October 30, 2023, Defendant agreed to the statement of facts and that he was pleading guilty to the facts that he conspired with others to commit the crime charged in the third superseding indictment to knowingly and intentionally possess with the intent to manufacture and distribute 376 kilograms or more of a mixture or substance containing a detectable amount of cocaine.  Defendant agreed that he knew the unlawful purpose of the agreement and joined in it with the intent to further it.  Defendant knew that the amount involved during the term of the conspiracy involved 376 kilograms or more of a mixture or substance

containing a detectable amount of cocaine and that this amount was involved in the conspiracy after the Defendant entered the conspiracy, was reasonably foreseeable to the Defendant, and was part of jointly undertaken activity. The Defendant acknowledged that his role in the conspiracy was to supply co-conspirators with kilogram quantities of cocaine from various sources which would then be distributed to other co-conspirators and co-defendants during the term of the conspiracy in the Eastern and Northern Districts of Texas. When asked to summarize in his own words the criminal conduct for which he was pleading guilty, he admitted that he and others trafficked 376 kilograms of cocaine.

Defendant also stated that he understood the range of punishment. Defendant also signed a plea agreement that contained his agreement to plead guilty to a violation of 21 U.S.C. § 846. His failure to claim his innocence strongly favors denying his motion to withdraw.

2. **Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

On October 30, 2023, Defendant pleaded guilty. Defendant waited over one year from the time he entered his guilty plea to file his motion for withdrawal on November 4, 2024. Defendant also waited until after the PSR had been prepared before notifying the court that he wanted to withdraw his guilty plea.

The court finds that Defendant was not prompt. Therefore, the court finds that Defendant's delay strongly favors denying the motion.

3. **Assistance of Counsel**

In order for a defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).

The Fifth Circuit has determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether Defendant was denied close assistance of counsel. *Id.* The question of whether Defendant received the close assistance of counsel "requires a fact-intensive inquiry." *Id.*

Defendant presented argument related to the assistance of counsel. In conjunction with the instant motion, Defendant also moved for the appointment of new counsel, which the court denied. In his motion and in his argument to the court at the hearing, Defendant stated that his current counsel did not provide him with his discovery and that he was rushed into a plea agreement.

As noted by the record and by counsel, Ms. Fisher was appointed to represent the Defendant approximately six weeks prior to the special trial setting. However, the Defendant would have been aware of the special trial setting before Ms. Fisher was appointed to represent Defendant. The Defendant did not argue that he was not aware of the trial setting. Rather, he stated that he felt rushed to enter into the plea as he did not want to proceed to trial. Additionally, Ms. Fisher noted at the hearing that she reviewed the relevant discovery with the Defendant. It

was also her understanding that Defendant's prior counsel reviewed the discovery with the Defendant.

Defendant entered into a plea agreement with the Government. The plea agreement was signed by Defendant and his counsel. Paragraph 15 of the plea agreement states that Defendant thoroughly reviewed all legal and factual aspects of the case with his counsel and that Defendant was fully satisfied with his counsel's legal representation. Defendant was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel, and he answered that he was thus far.

The court finds that Defendant was not without assistance of adequate counsel in agreeing to plead guilty.

4. **Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the court informed the Defendant of the nature and consequences of his guilty plea. The court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, including imprisonment for a period of not less than ten

years but not more than life, and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, that he understood the elements of the offense, and that he understood his constitutional rights. He was advised about the sentencing guidelines and stated he understood that if he received a sentence longer than he was expecting, he would still be bound by his plea.

Defendant represented that his plea was freely and voluntarily made and that no one forced him, threatened him, or made any promises other than what was contained in the plea agreement. The factual basis in support of the plea agreement was read into the record. Defendant acknowledged that the facts were true and correct and that he was pleading guilty to those facts. After acknowledging the facts supporting his plea, Defendant entered a plea of guilty to count one of the third superseding indictment. Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, Defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) (reviewing courts give great weight to the defendant's statement at the plea colloquy).

### 5. Remaining Factors

The remaining factors for the court to consider are as follows: (1) whether withdrawal would cause the Government to suffer prejudice if the motion were granted; (2) whether withdrawal would substantially inconvenience the court; and (3) whether withdrawal would waste judicial resources.

A withdrawal at this point would inconvenience the court and cause a waste of judicial resources. The sentencing hearing is scheduled to occur in eight days on November 20, 2024.

After considering the evidence presented, the arguments of counsel, and reviewing the record, the court finds that the *Carr* factors do not weigh in Defendant's favor. Defendant presented no evidence that convinces the court that Defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the court finds that Defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

## RECOMMENDATION

The court recommends that Defendant's Motion to Withdraw Plea (Dkt. #1374) should be **DENIED**.

By agreement of the parties, within five (5) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within five days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 12th day of November, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE